ANGLO-AMERICAN EQUITIES CORPORATION and ROBERT DEF. BOOMER, Respondants, Appellants, *v.* E. H. ROLLINS & SONS, INCORPORATED, BURTON A. HOWE, WARREN H. SNOW, B. W. SCHARFF and ALBERT E. KELLY, Appellants, Respondents.

Judgment, so far as appealed from, affirmed, without costs. No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; Martin, P. J., dissents; dissenting opinion by Martin, P. J.

MARTIN, P. J. (dissenting). It is apparent that the individual defendants have used their stock control for the purpose of appropriating to themselves an unreasonable proportion of the profits of the defendant corporation, while ignoring the rights of minority stockholders to share in such earnings by way of dividends. This was accomplished by the adoption of a so-called profit-sharing plan upon the votes of the individual defendants representing a majority of the capital stock

of the defendant corporation. Thereafter said defendants, as directors and members of the executive committee, voted to themselves as officers certain bonuses as compensation in addition to their fixed salaries. In the year 1935 from net corporate income of $506,632.93 they declared bonuses of $194,398.61, out of which they paid to themselves $139,030.45. In 1936 from corporate net income of $859,223.63 they declared bonuses of $338,012.77, out of which they received $242,668.

Notwithstanding the aforesaid large corporate earnings, which in 1936 equalled nearly thirty dollars a share on the common stock, the only dividend ever declared by the defendants upon the common stock was three dollars a share in 1936, plus a small dividend in preferred stock, both having an aggregate value of six dollars. This dividend declaration was accompanied by a statement that the dividend was deemed necessary in order to avoid the payment by the corporation of a substantial amount of Federal undistributed profit taxes, and that said payment was not to be regarded as establishing a dividend policy. The defendant Snow, president of the defendant corporation, had previously informed the plaintiff that if he had his way he would never pay a dividend.

The referee reported that there was sufficient in the record to indicate an intent on the part of the corporate managers to conduct the business in the nature of a partnership enterprise among themselves in derogation of the rights of common stockholders. He further recommended that if there should be prosperous years in the future, when earnings approximated those received in 1936, adequate provision be made for common stockholders. If the latter are entitled to protection with respect to future corporate earnings it is difficult to see why they should not be afforded protection with respect to past earnings.

Under the circumstances here present the defendants' actions in voting to themselves these bonuses are presumptively fraudulent and voidable at the instance of a minority stockholder. (*Carr* v. *Kimball,* 153 App. Div. 825; affd., 215 N. Y. 634; *Jacobson* v. *Brooklyn Lumber Co.,* 184 id. 152; *Godley* v. *Crandall & Godley Co.,* 212 id. 121.)

The judgment, in so far as appealed from by the plaintiffs, should be reversed, and judgment directed requiring the individual defendants to account to the defendant corporation for the moneys received by them as bonuses upon their own votes in the years 1935 and 1936.